# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE FLORES,**

      **Plaintiff,**

v.                                                     Case No:   6:20-cv-778-Orl-78EJK

**CFI RESORTS MANAGEMENT, INC.,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (the "Motion") (Doc. 18), which Defendant opposes (Doc. 24). For the reasons set forth below, the Motion is due to be granted.

## I. BACKGROUND

Plaintiff instituted this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17, and the Florida Civil Rights Act of 1922 ("FCRA"), Florida Statute §§ 760.10–760.11. (Doc. 1.) Defendant filed an answer with counterclaims. (Doc. 11.) Prior to the entry of the Case Management and Scheduling Order, Plaintiff filed the Motion. (Docs. 18, 22.) Therein, Plaintiff requests leave to amend his Complaint to include a count of retaliation in violation of Title VII's anti-retaliation provision, based on Defendant's counterclaims. (Doc. 18 at 1.)

In the Complaint, Plaintiff alleges that he was subjected to sexual harassment while working as a personal chef for the Siegel family. (*Id.* ¶¶ 17–30.) Plaintiff allegedly complained about the sexual harassment to an executive chef, a director, and the human resources department. (*Id.* ¶¶ 31, 33, 35.) Following his reports of sexual harassment, Plaintiff's harasser allegedly

retaliated by creating a hostile work environment and making "false allegations regarding Plaintiff's work performance." (*Id.* ¶¶ 36–39.) Plaintiff alleges that he filed his Original Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination on August 26, 2019, and on September 10, 2019, Defendant terminated his employment. (*Id.* ¶¶ 43–44.)

Defendant filed an Answer, which contained a different narrative of events as well as counterclaims for fraud, breach of contract, unjust enrichment, and conversion. (Doc. 11.) From Defendant's perspective, Plaintiff's work performances allegedly declined from late 2018, as confirmed from complaints from the Siegel family and other staff members. (*Id.* ¶ 89.) Defendant alleges that its supervisors spoke with Plaintiff about his absences, tardiness, and failure to properly abide by the proper clock-in procedures. (*Id.* ¶ 92.) The day after, Plaintiff reported the sexual harassment to the human resources department and started his month-long sabbatical. (*Id.* ¶¶ 95–98.) In August 2019, Defendant became aware that Plaintiff was allegedly stealing items, such as food, towels, and cases of water. (*Id.* ¶¶ 100–111.) It was around that time that Defendant became aware of Plaintiff's alleged misrepresentations about when he reported to work. Defendant alleges that to report to the Seigel Family household, Plaintiff had to check in at the front gate. (*Id.* ¶ 155.) However, the check-in log from the front gate did not match all the times that Plaintiff says he reported to work at the Seigel family residence. (*Id.* ¶ 155–156.) These actions are the basis of Defendant's counterclaims.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388,

393 (11th Cir. 2011) (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.,* 342 F.3d 1281, 1287 (11th Cir. 2003)).

**III.   DISCUSSION**

The Complaint currently has retaliation claims pursuant to Title VII and the FCRA. (Doc. 1 ¶¶ 65–71, 79–85.) These are based on: 1) the hostile work environment that followed Plaintiff's complaint with Defendant's human resources department (*id.* ¶ 35–39) and 2) Plaintiff's termination shortly after he filed a discrimination charge with the EEOC (*id.* ¶¶ 43–47). The proposed amended complaint adds a second basis for the retaliation claims, Defendant's counterclaims. (Doc. 18-1 ¶¶ 46–55) Of significance, it includes allegations that Defendant's counterclaims have no reasonable basis in law, were filed in retaliation for this action, and caused Plaintiff damages in the form of excess attorney's fees. (*Id.* ¶¶ 51–52, 55.) Defendant contends that the proposed amendments are futile, and therefore, the Motion should be denied. (Doc. 24.) Upon review of the proposed amended complaint and legal authority, the Court finds that amendment would be futile.

The Eleventh Circuit provides that a retaliation claim based on a counterclaim must allege that the "counterclaim was filed with a retaliatory motive and was lacking a reasonable basis in fact or law." *Smith v. Miami-Dade Cty.*, 621 F. App'x 955, 960 (11th Cir. 2015) (citing *Bill Johnson's Rests, Inc. v. N.L.R.B.*, 461 U.S. 731, 748–49 (1983); *Darveau v Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008)). Defendant does not dispute that the proposed amended complaint alleges retaliatory motive and lack of reasonable basis. (Doc. 24.) Instead, Defendant argues that Plaintiff cannot plausibly allege either retaliatory intent, because its counterclaims are compulsory, or lack of a reasonable basis, because its factual allegations support its counterclaims. (*Id.*)

The Court finds that, at this stage, it is premature to find that Plaintiff would be unable to plausibly allege Defendant's retaliatory intent. Even if Defendant's counterclaims are compulsory, Defendant nevertheless failed to initiate any legal proceedings against Plaintiff until the filing of its Answer. Accordingly, "[t]he existence of retaliatory intent alone is a factual determination," which is best ascertained during either the summary judgment phase or trial. *Sederquist v. Indus. Eng'g & Dev., Inc.*, No. 8:11-cv-1084-T-26AEP, 2011 WL 3331307, at *2 (M.D. Fla. Aug. 3, 2011). Nevertheless, the Motion should be denied because Plaintiff cannot plausibly allege that the counterclaims lack a reasonable basis.

Defendant's Answer is replete with factual allegations supporting their counterclaims. (Doc. 11.) Defendant also attaches photographs that purportedly show images of the items Plaintiff stole. (Ex. 2, *Id.*) Another exhibit is allegedly an e-mail from the executive chef to a local newspaper. (Ex. 6, *Id.*) Therein, the executive chef clarifies a mistake in the article—the article provided that Plaintiff reported the sexual harassment to the executive chef;[1] however, the executive chef claims that he had already terminated his employment with Defendant when the report of sexual harassment was made. (*Id.*) On whole, the factual allegations and accompanying exhibits demonstrate that a reasonable basis underlies Defendant's counterclaims. Thus, the Court finds that an amendment to the Complaint alleging that Defendant's counterclaims do not have a reasonable basis would be futile. *See, e.g.*, *Serra v. Shriners Hosps. for Children, Inc.*, No. 8:18-cv-2682-T-33AAS, 2019 WL 1558751, at *2 (M.D. Fla. Apr. 10, 2019) (dismissing a FLSA retaliation claim based on the filing of counterclaims because exhibits accompanying the counterclaims demonstrated a reasonable basis for those claims).

---

[1] This is also alleged in the Complaint. (Doc. 1, ¶ 31.)

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 22, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record