**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JOSE FLORES,<br>      Plaintiff,<br><br>v.<br><br>CFI RESORTS MANAGEMENT, INC.,<br>d/b/a WESTGATE RESORTS<br>FOUNDATION, INC.,<br>      Defendant.<br>_____<br><br>CFI RESORTS MANAGEMENT, INC.,<br>      Counter-Plaintiff,<br>v.<br><br>JOSE FLORES,<br>      Counter-Defendant.<br>_____/ | Case No. 6:20-cv-0778-WWB-EJK<br><br>*EMERGENCY* |

**DEFENDANT/COUNTER-PLAINTIFF CFI RESORTS MANAGEMENT, INC.'S
OPPOSED MOTION TO CONTINUE TRIAL BASED ON LEAD COUNSEL'S
<u>UNFORESEEN UNAVAILABILITY</u>**

      Defendant CFI Resorts Management, Inc. ("CFIRM"), pursuant to Local Rules 1.08 and 3.08, files this opposed motion to continue the trial based on Defendant's Lead Counsel Myrna L. Maysonet's sudden and unforeseen unavailability for trial due to a family emergency stemming from the recent cancer diagnosis of her spouse. This is a rapidly developing situation requiring immediate medical attention. Trial is scheduled to begin in approximately seventeen (17) days on May 16, 2022. Defendant's Counsel conferred with Plaintiff's Counsel regarding the basis for the relief requested herein. Subsequently, Plaintiff's Counsel advised Defendant's Counsel that Plaintiff would consent to the relief requested herein on the condition that "medical documentation" pertaining to Ms. Maysonet's spouse be produced in support of this Motion. Such

1

documentation is not required under the Local Rules, and the request implicates the privacy rights of a non-party individual who has no affiliation with this case whatsoever. Nevertheless, given the urgent need for a trial continuance, coupled with the consent provided by Ms. Maysonet's spouse to divulge personal, private, and sensitive information for the limited purpose of this Motion, CFIRM is in the process of obtaining a doctor's note, and will supplement this Motion upon receipt and review. *See* note 1. However, given that CFIRM does not anticipate receiving said documentation until next week, it did not want to delay the filing of this Motion. CFIRM has good cause to request a trial continuance, and requests an expedited ruling by May 6, 2022, which is ten (10) days prior to the scheduled trial date.

1. Plaintiff Jose Flores filed this action on May 5, 2020 alleging five separate claims under Title VII and the Florida Civil Rights Act. (ECF 1). CFIRM asserted four counter-claims. (ECF 11).

2. As this Court is aware, CFIRM successfully moved for summary judgment on four of the five counts asserted by Flores. (ECF 66). The only surviving claim against CFIRM is Plaintiff's sexual harassment claim under Title VII. CFIRM's counter-claims against Plaintiff's remain intact.

3. Ms. Maysonet has been deeply involved in this matter since Flores' allegations of discrimination were made in April 2019 and she is an integral component of CFIRM's litigation team. **See Exhibit A (Ms. Maysonet's Declaration)**. Ms. Maysonet has been overseeing all of CFIRM's employments matters for over 20 years and she has extensive institutional knowledge that it is invaluable to CFIRM's operation and defense of this case. And Ms. Maysonet has the client's full trust.

4. Ms. Maysonet has been the lead counsel in this matter for at least a year *before* this case was even filed. For example, she oversaw CFIRM's response to Plaintiff's Counsel's demand letter of April 26, 2019, which CFIRM received a mere eleven (11) days after Plaintiff filed his April 15, 2019 internal complaint with CFIRM. Similarly, Ms. Maysonet oversaw CFIRM's response to Plaintiff's Charges of Discrimination, which were filed after Plaintiff's discharge in September 2019.

5. And as the lead counsel in this litigation for the last two years, Ms. Maysonet has actively participated in all facets of this litigation, including handling and devising litigation strategy with the client, Defendant's motions work, discovery requests, discovery responses, depositions, and hearings.

6. The Parties engaged in extensive discovery in this matter, which involved interrogatories, eight depositions, all of which were conducted or defended by Ms. Maysonet, and voluminous document production, including responses to subpoenas *duces tecum* and an expert report by Defendant's expert witness.

7. This matter also involved contested motions work, including but not limited to a motion to amend the pleadings filed by Plaintiff, CFIRM's dispositive motion, and dual motions *in limine*.

8. On August 18, 2021, Defendant filed a Motion for Summary Judgment, of which Ms. Maysonet was primary author, which Plaintiff opposed. (ECF 42, ECF 44). On February 14, 2022, the Court granted, in substantial part, Defendant's Motion. (ECF 66).

9. On December 1, 2021, the Parties filed their respective motions *in limine*, which were opposed. (ECF 48-49, 53-54). On April 14, 2022, the Court entered an Order ruling on the motions. (ECF 75).

10. This case was originally set to be tried in March 2022 but was changed by the Court to May 2022. This heavily litigated matter is anticipated to culminate with a fact-intensive five-day jury trial scheduled for May 16-20, 2022. The parties expect testimony from over a dozen witnesses, as well as voluminous trial exhibits.

11. On January 3, 2022, the Parties filed their Final Joint Pretrial Statement, including exhibits lists, witness lists, as well as proposed jury instructions, verdict forms, and *voir dire*. Certain items were submitted separately. (ECF 58-60).

     i. Regarding witnesses "likely" to be called at trial, Plaintiff has identified 13 witnesses and Defendant has identified 11 witnesses, including Defendant's expert witness.

     ii. Regarding witnesses who "may" be called at trial, Plaintiff has identified 6 witnesses and Defendant has identified 10 witnesses.

     iii. Voluminous trial exhibits have been identified by the parties, including demonstrative exhibits and videos.

12. Defendant's entire trial team (consisting of Ms. Maysonet, Richard Epstein and Maritza M. Carmona, with Ms. Maysonet to shoulder much of the presentation of evidence) has been diligently preparing for the upcoming five-day jury trial. This includes witness preparation as well as preparing to argue trial motions.

13. There is no doubt that CFIRM has been diligently preparing for trial. However, CFIRM has good cause for requesting this trial continuance as result of a sudden and unforeseen personal circumstance—a family emergency—affecting Ms. Maysonet's family. Specifically, on April 15, 2022, a mere fourteen (14) days ago, Ms. Maysonet's spouse was initially informed that she had malignant carcinoma in one breast,

which would necessitate surgery as well as further testing as there were other areas of concern. **See Exhibit A**.[1] A further test on April 22, 2022, confirmed the initial preliminary report. The last diagnostic test needed occurred on April 27, 2022 and they are currently awaiting those results.

14. This is a rapidly developing situation, which understandably requires Ms. Maysonet to fully devote her time and attention to her spouse and family. She will very soon be the primary caretaker for her spouse and for their two toddler-aged children for an indeterminate amount of time. Because of this, Ms. Maysonet will no longer be able to dedicate the time, energy, and mental focus needed to properly and completely prepare for this trial, nor will she—if surgery is conducted when expected—be available to appear at trial. Under the circumstances, a trial continuance is warranted and appropriate.

15. Undoubtedly, the granting of a request to continue of a trial is within the sound discretion of a trial court. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991); *Fowler v. Jones*, 899 F.2d 1088, 1093–94 (11th Cir. 1990). "[T]he trial court's judgment will not be reversed unless abuse is shown. An exception to this general rule exists in certain cases when the illness of counsel is the ground for a continuance." *Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842, 843–45 (5th Cir.

---

[1] A doctor's note has been requested, but has not yet been received at the time of this filing. Ms. Maysonet's family was originally informed that surgery would occur on May 4, 2022. However, after consultation with the doctor, it was determined that additional diagnostic tests were required to evaluate other areas of concern and to ascertain the extent of the required surgery and the treatment that will follow. The last diagnostic test needed was done on April 27, 2022, and the results are expected early next week. They have a surgical consult on May 4, 2022. Ms. Maysonet expects that surgery will take place as soon after May 4, 2022 as it can be scheduled.

1970).[2] The exception also extends to the unexpected and unforeseen illness of counsel's family.[3] *See, Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1222–23 (7th Cir. 1990) ("Generally, the common thread in the rare cases that reverse the denial of a continuance is the existence of *changed circumstances* to which a party cannot reasonably be expected to adjust without an extension of time.") (emphasis added) (internal citation omitted). *See also*, *Classic Soft Trim, Inc. v. Classic Designs Automotive, LLC, et al*, Case No. 6:18-CV-01237 (M.D. Fla. Oct. 12, 2021) (J. Berger) (granting continuance where plaintiff's lead counsel would not be unavailable for trial, as he was caring for his ill brother who was afflicted with cancer).

---

[2] "Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit." *United States v. Bowe*, 221 F.3d 1183, 1190 note 6 (11th Cir. 2000).

[3] In *Courtney v. Cent. Tr. Co.*, the highest state court in Florida held it was an abuse of discretion to deny a trial continuance where counsel's wife had been "seriously ill for several weeks," stating:

> In this case it seems to a majority of this court that under the peculiar circumstances here shown in open court, supported by the written representation of an upright and honorable member of the bar, that through no fault nor neglect of his client, but solely through a personal misfortune that had befallen his client's counsel, his client's case if then tried would be forced to trial either with an attorney whose mental attitude, on account count of his wife's illness, could not do the defendant's case justice, or, in lieu of that alternative, with a different counsel just called into the case as the record shows, and unfamiliar with the intricacies of the case to be tried, called for an exercise of that sound discretion vested in trial judges, the refusal to exercise which may be ground for the award of a new trial in order that justice may not only prevail in fact, but the trial had and judgment rendered be freed of the suspicion that it was in anywise the result of the personal misfortune of the unsuccessful litigant in being compelled to rely for his representation upon other than the one attorney in whom he had placed his confidence when he engaged him to handle the trial of the case before the jury.

112 Fla. 298, 300–01, 150 So. 276, 276–77 (1933). The same reasoning applies in federal district court. *See*, *Classic Soft Trim, Inc. v. Classic Designs Automotive, LLC, et al*, Case No. 6:18-CV-01237 (M.D. Fla. Oct. 12, 2021) (J. Berger).

16. In order to evaluate a request for continuance, a trial court should consider four factors:

(1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing;

(2) the likelihood that the need for a continuance would have been remedied had the continuance been granted;

(3) the extent to which granting the continuance would have inconvenienced the court and the opposing party;

(4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir.2005) (stating appellate courts review these same factors in determining whether a district court abused its discretion in denying a request for a continuance). The interests of justice require parties at trial "be represented by able counsel well informed on the facts and the pertinent law." *Smith-Weik Mach. Corp.*, 423 F.2d at 843–45.

17. An analysis of each factor supports the granting of this request for a continuance. There is no dispute that CFIRM has been the parties have been diligently preparing for trial. To date, CFIRM has met all deadlines imposed by this Court including the timely filing of an extensive Joint Final Pretrial Statement on January 3, 2022, participating in two Trial Status Conferences, and CFI's filing of supplemental proposed *voir dire* on April 22, 2022. In fact, CFIRM was ready to litigate this matter in March 2022 when it was originally scheduled for trial

18. Second, in light of the circumstances and unexpected absence of Ms. Maysonet, a continuance is the only remedy that will work in this case. It will allow

Defendant's Counsel Richard Epstein and Maritza M. Carmona[4] adequate time to address Ms. Maysonet's immediate absence in this fact-intensive, hotly contested matter.

19.     Third, while CFIRM recognizes that a continuance at this stage would be inconvenient to Plaintiff, and perhaps to the Court, such inconvenience is minimal in particular, when compared to the extreme detrimental impact that CFIRM will suffer if it is forced to proceed to trial without its lead counsel under circumstances that just happened and were completely unforeseen. There is sufficient time to alert potential witnesses of the continuance, as well as to minimize fees and costs, which typically increase significantly in the days leading up to trial. *See Fowler v. Jones*, 899 F.2d 1088, 1093–94 (11th Cir. 1990) (recognizing it can be a "considerable" inconvenience to continue a trial after a "jury had already been selected and reconvened for the trial" however the factors still weighed in favor of granting the continuance in a case concerning a prisoner proceeding *in forma pauperis*). Certainly, CFIRM like Plaintiff has served subpoenas and made arrangements for trial.[5]

20.     Fourth, if the Court denies the continuance, CFIRM would be severely prejudiced in its ability to defend this case at this stage as Ms. Maysonet: (a) has been Defendant's Lead Counsel from the inception of this dispute three years ago in April 2019 and has been spearheading this litigation for over two years; (b) is the most knowledgeable attorney in a very fact-intensive case with allegations spanning a 44-month period from January 2016 to September 2019; and (c) is unexpectedly unavailable

---

[4] Ms. Carmona entered her appearance in this matter on December 13, 2021. (ECF 52).
[5] While CFIRM understands that NY counsel may have to cancel tickets purchased, we note that this counsel just made an appearance for the first time on March 30, 2022, and has not been part of the administrative procedures or active litigation of this case.

on the eve of trial with trial set to start in just seventeen (17) days. And this delay has not been caused by the lack of diligence of either Ms. Maysonet or CFIRM or by any dilatory tactics. *See Gastaldi*, 709 F. Supp. 2d at 1295–96 ("[D]enials have been held to cause prejudice where…a party needed time to obtain new counsel, or to allow a sick attorney to recuperate, but, because of the denial, was required to proceed with unfamiliar counsel or none at all."). For all these reasons, this Court should find that each factor weighs heavily in favor of granting a trial continuance.

21. Indeed, this Court has recognized that there are circumstances where requests for a trial continuance are warranted "when necessary to prevent manifest injustice." (ECF 22). This is undoubtedly the circumstance here.

22. This Motion is timely in light of the seriously compressed timetable and evolving variables involved in this unexpected situation. The first adverse preliminary diagnosis was received on April 15, 2022 and a confirming test was issued on April 22, 2022. Defendant's counsel informed Plaintiff's counsel of the issue this Monday, April 25, 2022 and received their input on April 26, 2022. **Exhibit B**. This Motion is being filed on April 29, 2022.

23. This Court has granted a continuance of trial under similar circumstances. *See*, *Classic Soft Trim, Inc. v. Classic Designs Automotive, LLC, et al*, Case No. 6:18-CV-01237 (M.D. Fla. Oct. 12, 2021) (J. Berger). No party would be unfairly prejudiced by the Court's granting of this Motion.

24. As required, CFIRM's counsel, Richard W. Epstein and Maritza M. Carmona, conferred with Plaintiff regarding the continuance request. On April 26, 2022, Plaintiff's Counsel emailed Defendant's Counsel, stating in pertinent part "If there is

appropriate medical documentation to substantiate Myrna's unavailability for trial on May 16, 2022 and to support the need for a continuance, we will regretfully and reluctantly consent to the continuance provided the court likewise agrees." **Exhibit B.**

25. To be clear, Ms. Maysonet's spouse is entitled to maintain her privacy, as she has no interest or affiliation whatsoever with this matter. Accordingly, any disclosure of "medical documentation" belonging to a nonparty, as demanded by opposing counsel, is not warranted or appropriate. And in this incredibly difficult time, when this family has been forced to process difficult news in a compressed period of time, the fact that Ms. Maysonet's spouse has been essentially compelled to share this publically merely because of who she married has caused her a lot of unwarranted stress. We have requested a note from the doctor, but have not yet received it as the doctor is currently out of the office. However, we did not want to delay this filing, and instead wanted to alert the Court of this important matter as promptly as possible.

26. In accordance with Local Rule 3.08, undersigned counsel certifies her client consents to a continuance and believes it would be detrimental to proceed with trial as currently scheduled under these circumstances.

THEREFORE, for the foregoing reasons, Defendant respectfully requests the Court continue the trial and set this matter for a status conference.

## GOOD FAITH CERTIFICATION PURSUANT TO RULE 3.01(g)

Undersigned counsel hereby certifies Defendant made a good faith attempt to obtain Plaintiff's consent from opposing counsel by way of a telephone call on April 25, 2022 between Counsel where the basis for the trial continuance request, as described in this motion, was discussed. On April 26, 2022, Plaintiff's Counsel responded via email,

stating in pertinent part: "If there is appropriate medical documentation to substantiate Myrna's unavailability for trial on May 16, 2022 and to support the need for a continuance, we will regretfully and reluctantly consent to the continuance provided the court likewise agrees. If the case needs to be continued, please note we are not available to reschedule the trial until November 2022." The email is attached as **Exhibit B.** Defendant does not agree it is appropriate to disclose any further specifics of the medical condition of a non-party who has no affiliation whatsoever with this matter.

### CERTIFICATION PURSUANT TO RULE 3.08

Undersigned counsel hereby certifies Defendant consents to the continuance.

Dated:  April 29, 2022          Respectfully submitted,

By: */s/ Maritza M. Carmona*
**MYRNA MAYSONET**
Florida Bar No. 429650
**MARITZA M. CARMONA**
Florida Bar No. 1032138
GREENSPOON MARDER LLP
201 E. Pine Street, Suite 500
Orlando, FL  32801
(407) 425-6559
Myrna.Maysonet@gmlaw.com
Maritza.Carmona@gmlaw.com
Xiomara.Lezcano@gmlaw.com

**RICHARD W. EPSTEIN**
Florida Bar No. 229091
GREENSPOON MARDER LLP
200 E Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
(954) 491-1120
Richard.epstein@gmlaw.com
Maria.Salgado@gmlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on April 29, 2022, I have filed the foregoing with the Clerk of Court via CM/ECF. I further certify any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

/s/ Maritza M. Carmona
Maritza M. Carmona, Esq.